UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Crim. No. 07-064(ESH) |
| v. ) | |
| MONICA CASH ) | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Monica Cash, through undersigned counsel, respectfully submits the following memorandum in aid of sentencing.

**Procedural History**

Ms. Cash is before the Court awaiting sentencing after she entered a guilty plea on April 27, 2007. Ms. Cash pled guilty to count two of the indictment which charged her with Uttering and Possessing a Forged Security in violation of 18 U.S.C. § 513(a). Pursuant to the conviction Ms. Cash faces a maximum sentence of ten years of incarceration, followed by a term of supervised release of not more than three years, a maximum fine of $250,000.00 dollars and a $100.00 dollar special assessment.

In the Pre-Sentence Investigation Report ("PSR"), Probation Officer Kelly Kraemer-Soares, has calculated a sentencing range of 12-18 months of incarceration pursuant to the advisory United States Sentencing Guidelines. The range is based on a Base Offense level 13 and a Criminal History Category I.[1] Ms. Cash will appear before the Court for her Sentencing

---

[1] A final Base Offense Level of 13 is dependent on a Government motion for an additional reduction of one point.

Hearing on August 10, 2007.

<strong><u>ARGUMENT IN SUPPORT FOR A SENTENCE OF PROBATION</u></strong>

**Personal History and Background**

Ms. Cash is before the Court facing her first criminal conviction. In fact, prior to the instant offense Ms. Cash had never been arrested or charged with any criminal act. The instant offense is anomalous in an otherwise exemplary life of impeccable conduct, verified work history and loyalty and responsibility to her family. Her appearance in a sentencing hearing will be an errant departure from the principles and values that she has followed throughout her life and which she has imparted on her children.

There is no simple or defensible explanation for Ms. Cash's conduct. However, Ms. Cash did not use the embezzled money to indulge in material possessions. There is nothing in her residence that points to an extravagant lifestyle or the accumulation of material objects beyond her means. On the contrary a substantial amount of money went to support her mother, Ms. Reta Wright. Ms. Wright's gambling problem and reckless behavior resulted in frequently losing her modest Supplemental Security Income. By losing money to her gambling addiction, Ms. Wright was periodically without the means to pay her rent, utilities, phone service and buy essential groceries. On a number of occasions Ms. Cash used the embezzled money to ensure that her mother could make her essential payments.

Instead of limiting her illegal behavior to assisting her mother, Ms. Wright also used the embezzled money to support her son, his fiancee and their children. At one point while her son was incarcerated it was Ms. Cash who ensured that her grandchildren and their mother could make ends meet. During her son's incarceration, his fiancee and his children were taken in by

Ms. Cash.

Ms. Cash's desire and effort to help her family, through illegal means, is also uncharacteristic in view of how she raised her children through her own means. The fathers of Carl Cash Jr. and Princess Brownfield were not present to support neither Ms. Cash or the children. In short, it appears that Ms. Cash was overwhelmed with desperation in seeing her family members succumb to various levels of deprivation. Again there is no incident or set of circumstances to justified Ms. Cash's illegal conduct in embezzling over eighty thousand dollars from the Women's Campaign Fund.

Once she was stopped working for the Women's Campaign Fund, Ms. Cash went back to being the honorable person that she had always been. As the Pre-Sentence Investigation details, Ms. Cash has a verifiable work history. There have been very few occasions when she has relied on government assistance. Currently, she is gainfully employed and makes a modest salary as a clerk with Party Depot. Ms. Cash has worked with Party Depot for almost two and a half years, so clearly there is every indication that she can be a responsible and productive citizen.

Although she has brought about a great deal of shame to herself, Ms. Cash has taken major steps in putting her life back together. By no means has the shame diminished her maternal role and standing in the family. Family members recognize that Ms. Cash has done something terribly wrong and completely out of character. However, they recognize that Ms. Cash always went out of her way to help any family member in need. They also know that Ms. Cash did not use the embezzle money in a self-centered and materialistic manner. Through this ordeal Ms. Cash's mother, children and extended family have supported her in trying to overcome this very unexpected episode in her life.

Equally important in turning her life around was Ms. Cash's unfettered resolve to plea guilty to her wrongful conduct. Immediately after being assigned to represent Ms. Cash, she made it clear that she wanted to enter a guilty plea. Her decision was based on the simple fact that she had taken money that didn't belong to her. Ms. Cash never thought of challenging the allegation since it would have been misleading and dishonest to do so. She recognized that it was her dishonesty that resulted in her legal predicament.

Ms. Cash wants to prove to the Court, to her family, and the government that she can contribute to her community and that she can and will live out the remainder of her adult life in a lawful manner. Ms. Cash is asking the Court for leniency so that she may continue to work, pay back the money she wrongfully took, and to make amends through community service and home confinement.

As a first time criminal offender Mr. Cash wants the opportunity to demonstrate a commitment to responsible and law abiding behavior. On account of the totality and circumstance of her life and pursuant to the applicable sentencing statutes and case law, Ms. Cash respectfully requests that the Court sentence her to a period of probation of five years.

A.  **PURSUANT TO UNITED STATES v. BOOKER , 18 U.S.C. § 3553(a), 18 U.S.C. § 3582, 18 U.S.C. § 3562 AND 28 U.S.C. § 991(b)(1)(B) THE COURT HAS AUTHORITY TO SENTENCE MS. CASH TO A TERM OF PROBATION**

In United States v. Booker, the Supreme Court held that the mandatory sentencing guidelines were unconstitutional as applied. 125 S. Ct. 738 (2005) The Court further held that judges are required to "take account of the Guidelines together with other sentencing factors," and to "consider" the guidelines along with all the other required factors (emphasis added). The Court is not bound by the guideline range and there is no requirement that a sentence be within

the guideline range.  The guideline range is just one factor to be considered along with the mandatory statutory factors delineated in 18 U.S.C. § 3553(a).

Those factors include, among others, the nature of the offense, the defendant's history, the need for the sentence to promote adequate deterrence and to provide the defendant with the needed educational or vocational training, and pertinent policy statements issued by the sentencing commission, the need to avoid unwarranted sentencing disparities among similarly situated defendants. U.S. v. Clifton Price 409 F.3d 436, 442 (D.C. Cir. 2005) Moreover, Sentencing Courts have a continuing duty to "[w]eigh the purposes of sentencing listed in the Sentencing Reform Act." U.S. v. Jabber 362 F.Supp.2d 365, 369 (D. Mass. 2005).

The primary purpose of the sentencing statute, 18 U.S.C. 3553(a), is for the sentencing court to impose a sufficient sentence, but not one that is greater than necessary.  18 U.S.C. § 3553(a) allows the Court to take into account the particularized factors of Mr. Cash's life and not just the fact of her criminal conduct. This approach is consistent with the goals of 28 U.S.C § 991, the enabling statute of the Sentencing Commission.  The enabling statute and the sentencing statue contemplate a flexible and particularized approach to sentencing determinations that were abandoned under the pre-Booker mandatory sentencing guideline regime.  28 U.S.C. § 991(b)(1)(B) supports a sentence that is not determined, solely, by a rigid formula that ignores the statutory factors set forth in 18 U.S.C. § 3553(a).

Congress created the Sentencing Commission with the goal of creating a methodology and structure by which Courts could achieve uniformity and fairness in sentencing.   However, the enabling statute did not lose sight nor preclude the notion of individualized sentencing. 28 U.S.C. § 991(b)(1)(B) provides Sentencing Courts with discretion to "maint[ain] sufficient

5

flexibility to permit individualized sentences when warranted by mitigating or aggravating factors not taken into account in the establishment of general sentencing practices." Application of 18 U.S.C. § 3553(a) along with the flexibility encouraged by 28 U.S.C. § 991(b)(1)(B) strongly suggests that a sentence of probation accomplishes the goals of the two statutes.

### The Nature and Circumstances of the Offense

Ms. Cash's nonviolent criminal conduct took place during a difficult period in her life. The modest salary that she earned in the face of family members experiencing various levels of financial problems caused her to act in a way that was completely inconsistent with her guiding values and principles. What began as modest amounts of money very shortly turned into substantial sums of money. However, Ms. Cash never denied her criminal responsibility nor minimized her conduct.

### History and Characteristics of Ms. Cash

Ms. Cash is a motivated and capable person. Despite a difficult childhood including her parents divorce, and her mothers' struggles with drug abuse Ms. Cash persevered and attended vocational schools. Currently, she is gainfully employed and appears to be in good standing with her employer. With the exception of the instant offense, Ms. Cash has led a productive and law abiding life. Ms. Cash's efforts to lead a productive life, extends professionally and personally. Ms. Cash's professional life can be characterized by hard work, and the desire to learn with the goal of improving and realizing her professional potential. Although, Ms. Cash brought about her current adversity and predicament, she has managed to pick herself up through her own efforts and determination.

**The Sentence should reflect the Seriousness of the Offense**

Ms. Cash recognizes that the Court must impose a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment. While the sentence must provide deterrence and protect the public, it must also provide Ms. Cash with educational and vocational training and medical care. In balancing all of the purposes of sentencing, the Court must also impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph [(a)](2)[§ 3553]." See 18 U.S.C. § 3553(a).

A sentence that places Ms. Cash on community supervision and restricts her to home confinement would be more than adequate to meet the sentencing purposes set forth in 18 U.S.C. § 3553(2)(a).[2] The felony conviction on its own will have employment and voting consequences for the rest of her life. Probation will require a sustained commitment to responsible behavior.

Ms. Cash recognized the seriousness of her criminal conduct and readily took responsibility for her actions. Upon being confronted with her embezzlement, Ms. Cash immediately admitted her actions. When Ms. Cash met with undersigned counsel, she immediately stated that she committed a crime and had to suffer the consequences.

Incarceration would result in a sentence that is "greater than necessary." Incarceration will certainly cause Ms. Cash substantial suffering. Beyond her removal from the community Ms. Cash will lose her job. This would be a terrible outcome for a capable and hardworking woman who up until she began embezzling from her employer had led an exemplary personal

---

[2] This approach of considering charged conduct, real offense behavior, and the full breadth of a defendant's characteristics "ensures that the punishment will suit not merely the offense but the individual defendant." Wasman v. United States, 468 U.S. 559, 564, 104 S.Ct. 3217, 3220, 82 L.Ed.2d 424 (1984).

and professional life.

### The sentence should afford adequate deterrence to criminal conduct

A sentence of probation will more than adequately protect the public and achieve adequate deterrence for the following reasons. First, Ms. Cash is a first time offender who throughout her life has demonstrated sound decision making skills. She will be subjected to a strict supervision regimen which will include reporting to a probation officer, submitting monthly financial reports, making mandatory restitution payments and will be required to report any change in her residence, employment and travel outside of the metropolitan area.

Ms. Cash has been shamed by her conduct. Knowing that she will be forever branded as a convicted felon has been extremely painful, humiliating and resulted in endless self deprecation. She knows that she has disappointed her mother and children. The felony conviction will automatically preclude Ms. Cash from being hired for a financial position of trust. It is doubtful that any finance or business oriented company would consider hiring her.

Her obligation to pay more than $83,000.00 dollars in restitution requires significant responsibility, planning and the commitment to lead a modest life. All of these factors will weigh heavy in her everyday life. By no means would this structure of obligations and responsibilities be a mere slap on the wrist. It can be reasonably assumed that recidivism for Ms. Cash is unlikely and the terms and requirements of probation should adequately protect the public.

### The sentence should provide the most effective rehabilitation treatment

A sentence of probation would most effectively result in Ms. Cash's rehabilitation. If placed on probation Ms. Cash can continue the progress she has thus far demonstrated in her

current employment. She will also be in a position to immediately begin her restitution payments. Any period of incarceration will undermine the post offense rehabilitation that has already taken place, it will mean the loss of her job, of her livelihood, and she will be hard pressed to make restitution payments after leaving prison.

As the Pre-Sentence Investigation Report indicates, Ms. Cash has pled guilty to a Class C felony. See PSR¶ 68. 18 U.S.C. §3561 allows for a sentence of probation for a period not to exceed five years.§ 3561(c)(1). 18 U.S.C. §3562 authorizes the Court with the discretion to impose a sentence of probation when appropriate. 18 U.S.C. §3561(a) directs the Court to impose a sentence of probation only after a consideration of "the factors set forth in section 3553(a) to the extent that they are applicable." A sentence of probation is appropriate in the instant case. Ms. Cash's history, the content of her person, the respect that she has shown for the law during the pendency of her case and her commitment to her mother, her children and grandchildren and to her current employer support continuing her rehabilitation in the community.

A sentence of probation, which includes mandatory restitution, community service and home confinement, along with the life long consequences of a felony conviction can be "just punishment" when the Court considers 18 U.S.C.§3582(a). In pertinent part 18 U.S.C. § 3582 (a) states

> "The Court, in determining whether to impose a term of imprisonment, and if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) **to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation**" (emphasis added)

**CONCLUSION**

Ms. Cash is a decent and well meaning woman who made a series of terrible decisions. Those decisions have cost her dearly. Ms. Cash now has a felony conviction on her record which will have consequences for the remainder of her life. Ms. Cash, knows that she cannot undo her mistake. She does know that she will never engage in any activity that will put her livelihood in jeopardy. In the context of Ms. Cash's character and background it is safe to assume that it is very unlikely that she will re-engage in any criminal conduct.

Ms. Cash wants the Court to give her one opportunity so that she can demonstrate that she will continue to lead an exemplary life that is characterized by honesty, hard work and responsibility to her community and family.

So that Ms. Cash does not lose sight of her transgression, undersigned counsel requests that the Court sentence her to a period of Probation of five years and that she serve her first six months under electronic home monitoring consistent with her work schedule.

For these reasons undersigned requests that the Court sentence Ms. Monica Cash to a period of probation of five years.

Respectfully submitted,

A.J. Kramer
Federal Public Defender


_____/s/_____
Carlos J. Vanegas
Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500